**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-05349 |
| OHCMC-OSWEGO, LLC,[1] ) | Chapter 11 |
| ) | |
| Debtor. ) | Hon. Carol A. Doyle |
| ) | |
| ) | Hearing Date: February 18, 2015 at 10:00 a.m. |

**NOTICE OF SECOND INTERIM AND FINAL FEE APPLICATION OF**
**FREEBORN & PETERS LLP AS COUNSEL TO THE DEBTOR**

To:   Service List

PLEASE TAKE NOTICE that on January 23, 2015, Freeborn & Peters LLP ("*F&P*") as counsel to OHCMC-Oswego, LLC (the "*Debtor*"), filed its *Second Interim and Final Fee Application of Freeborn & Peters LLP as Counsel to the Debtor* (the "*Final Fee Application*") with the United States Bankruptcy Court for the Northern District of Illinois. Through the Final Fee Application, F&P seeks entry of an order for allowance and final approval of $330,649.50 in compensation for legal services rendered by F&P to the Debtor for the period of February 19, 2014 through January 15, 2015 (the "*Final Fee Application Period*"), and reimbursement of $2,726.57 for actual and necessary expenses incurred by F&P during the Final Fee Application Period.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Final Fee Application will take place before the Honorable Carol A. Doyble of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in her place and stead, at 219 South Dearborn Street, Courtroom 742, Chicago, Illinois on February 18, 2015, at 10:00 a.m.

Objections, if any, to the relief requested in the Final Fee Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Final Fee Application.

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Final Fee Application: Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn:  Richard S. Lauter).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

---

[1]   The last four digits of the Debtor's federal tax identification number are 8084.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 14-05349 |
| OHCMC-OSWEGO, LLC,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Carol A. Doyle |
| | ) |
| | ) Hearing Date: February 18, 2015 at 10:00 a.m. |

**CERTIFICATE OF SERVICE**

I, Richard S. Lauter, an attorney, hereby certify that on January 23, 2015, I caused the attached *Notice of Application* and the *Second Interim and Final Fee Application of Freeborn & Peters LLP as Counsel to the Debtor* to be filed with the Court and served upon the following parties by the manner listed.

/s/ Richard S. Lauter

**SERVICE LIST**

**CM/ECF Service List**

| | |
|---|---|
| Michael T. Benz | benz@chapman.com |
| Kurt M. Carlson | kcarlson@carlsondash.com |
| James M. Crowley | jcrowley@crowleylamb.com |
| Joseph D. Frank | jfrank@fgllp.com |
| Patrick S. Layng | USTPRegrion11.ES.ECF@usdoj.gov |
| Gina Lavarda | lavarda@chapman.com |
| Francis J. Pendergast, III | fpendergast@crowleylamb.com |
| John F. Sullivan | jsullivan@crowleylamb.com |

**First Class Mail Service List**

Camille O Hoffman
7 S. 251 Olesen Drive
Naperville, IL 60540

DCWGPC & B, Ltd.
c/o Kevin M. Gensler, Regd. Agent
111 East Jefferson Avenue
Naperville, IL 60540

---

[1] The last four digits of the Debtor's federal tax identification number are 8084.

Edward Reagan, Receiver
Safe Harbor Realty LLC
687 North Milwaukee Avenue
Chicago, IL 60642

Jennifer Bartell
2621 Wooley Road
Oswego, IL 60543

Kendall County Collector
111 W Fox Street
Yorkville, IL 60560

Kendall County Treasurer
Attn: Jill Ferko
111 W. Fox Street, Room 114
Yorkville, IL 60560

Michael D. Steffes
9305 Ashley Road
Morris, IL 60450

OHCMC, LLC
7 South 251 Olesen Lane
Naperville, IL 60540

Oliver Hoffmann Corp
3108 S Rt 59 Ste 124-373
Naperville, Il 60564

Oliver-Hoffmann Corporation
c/o Camille O. Hoffmann, Regd Agent
7 S. 251 Olesen Drive
Naperville, IL 60540

Prime Meridian Insurance Group, Ltd
c/o Edward J. Boltz
2700 International Drive
West Chicago, IL 60185

Schoppe Design Associates, Inc.
Attn Mike Schoppe
126 South Main Street
Oswego, IL 60543

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 14-05349 |
| OHCMC-OSWEGO, LLC,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Carol A. Doyle |
| | ) |
| | ) Hearing Date: February 18, 2015 at 10:00 a.m. |

**SECOND INTERIM AND FINAL FEE APPLICATION OF**
**FREEBORN & PETERS LLP AS COUNSEL TO THE DEBTOR**

Freeborn & Peters LLP ("*F&P*"), counsel to OHCMC-Oswego, LLC (the "*Debtor*"), hereby submits the *Second Interim and Final Fee Application of Freeborn & Peters LLP as Counsel to Debtor* (the "*Final Fee Application*") and requests allowance and final approval of $330,649.50 in compensation for legal services rendered by F&P to the Debtor for the period of February 19, 2014 through January 15, 2015 (the "*Final Fee Application Period*"), and reimbursement of $2,726.57 for actual and necessary expenses incurred by F&P during the Final Fee Application Period.

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.  This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code.  Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2.     The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016

4

of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

3.  On February 19, 2014 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

4.  No trustee, examiner or creditors' committee has been appointed in the Debtor's chapter 11 case.

5.  On May 16, 2014, the Court entered an order authorizing F&P's retention and employment as counsel for the Debtor, effective retroactively to February 19, 2014.

6.  On August 5, 2014, the Court entered an order granting F&P's first interim fee application (the "*First Interim Fee Application*"), allowing $175,538.00 in fees and $2,606.16 in expenses incurred between February 19, 2014 and June 30, 2014.

7.  On September 18, 2014, the Court entered an order approving the Disclosure Statement With Respect to Debtor's Modified Plan of Liquidation Dated June 30, 2014 (the "*Disclosure Statement*") and confirming the Debtor's Modified Plan of Liquidation Dated June 30, 2014 (the "*Plan*").

8.  On or about October 31, 2014, the Debtor sold its real estate assets to REO Funding Solutions V, LLC for the gross purchase price of $11,125,000.00.

9.  On January 15, 2015, the Plan's Effective Date occurred as the parties consummated the sale of the Debtor's assets, including resolution of outstanding issues concerning rental payment proration.

---

[1] The last four digits of the Debtor's federal tax identification number are 8084.

10.     F&P has not previously sought interim compensation and reimbursement of expenses for the period of July 1, 2014 through January 15, 2015.  During that period, F&P performed services in the aggregate amount of $157,111.50, and incurred expenses in the aggregate amount of $120.41, for a total of $157,231.91.  A detailed schedule of the services rendered and expenses incurred (broken down by project category) by F&P during this interim time period are attached hereto as Exhibits A through D.

**RELIEF REQUESTED**

11.     This Final Fee Application reflects services rendered, and expenses incurred, by F&P on behalf of the Debtor from February 19, 2014 through January 15, 2015, the Final Fee Application Period.  The Final Fee Application represents F&P's second and final request for allowance of compensation and reimbursement of expenses for services rendered on behalf of the Debtor.  For the Final Fee Application Period, F&P seeks final approval of compensation in the amount of $330,649.50 and reimbursable expenses in the amount of $2,726.57, for a total of $333,376.07.[2]

12.     By this Final Fee Application, F&P respectfully requests the entry of an order allowing F&P $330,649.50 in compensation and $2,726.57 for reimbursement for the Final Fee Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code.

**DISCUSSION**

13.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . .  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the

---

[2]     With respect to its request for final approval of fees previously approved on an interim basis, F&P incorporates by reference the billing statements attached to the First Interim Fee Application.  *See* ECF No. 93.

extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

14. The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

15. In reviewing the Final Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy

7

courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.")

16.     In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

17.     In evaluating the Final Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

18.     F&P's hourly rates of compensation for those attorneys and para-professionals during the Fee Application Period range from $215 to $845 (however, no professional with an hourly rate in excess of $745 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. F&P consistently and consciously made every reasonable effort to represent the Debtor in the most economical, efficient, and practical manner possible.

19.     A summary of the compensation requested herein regarding each of F&P's professionals and para-professionals is set forth below:

8

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Bettenhausen, Jill | Paralegal | N/A | $105 | 1.0 | $105.00 |
| Callaghan, Gerald | Partner | 1979 | $640 | 3.0 | $1,920.00 |
| Eggert, Devon J. | Partner | 2006 | $410 | 129.3 | $53,013.00 |
|  |  |  | $100 (Travel) | 8.6 | $860.00 |
| Fawkes, Thomas R. | Partner | 2002 | $560 | 0.3 | $168.00 |
| Gustman, David C. | Partner | 1979 | $745 | 6.2 | $4,619.00 |
| Hazdra, Jacqueline E. | Paralegal | N/A | $225 | 34.8 | $7,830.00 |
| Jackiw, Brian J. | Associate | 2008 | $335 | 2.3 | $770.50 |
| Janczak, Elizabeth L. | Associate | 2010 | $325 | 77.6 | $25,220.00 |
| Krigel, Ari W. | Associate | 2008 | $335 | 20.2 | $6,767.00 |
| Lauter, Richard S. | Partner | 1982 | $655 | 315.7 | $206,783.50 |
| Leipsitz, Harry J. | Associate | 2014 | $315 | 2.8 | $882.00 |
| Murillo, Regina S. | Associate | 2010 | $325 | 0.8 | $260.00 |
| Schey, Emily R. | Partner | 2004 | $360 | 28.5 | $10,260 |
| Schiller, Alex K. | Litigation Technology | N/A | $250 | 0.9 | $225.00 |
| Sheldon, Kathryn C. | Paralegal | N/A | $280 | 1.5 | $420.00 |
| Zahour, Kimberly L. | Paralegal | N/A | $295 | 30.9 | $9,115.50 |
| Zwick, Ann M. | Senior Counsel | 1989 | $530 | 2.7 | $1,431.00 |
|  |  |  | **TOTALS:** | **667.1** | **$330,649.50** |
|  |  |  | **BLENDED RATE:** |  | **$495.65** |

20.     No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

21. F&P reserves the right to correct, amend, or supplement this Final Fee Application, including, without limitation, to seek payment in the event this Final Fee Application is not approved in full.

**SERVICES PERFORMED**

22. This Final Fee Application sets forth in detail the work performed by F&P and the time spent during the Fee Application Period.

**A.    General                                                                    $51,846.50**

23. F&P spent 92.8 hours at a cost of $51,846.50 on general matters. This category primarily includes time spent reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, corresponding with parties-in-interest concerning general case matters, and performing other necessary tasks typically associated with a debtor representation (including performing court filings, maintaining and updating dockets, calendars, and retrieving necessary documents). This category also includes matters which encompass more than one discrete category, time spent attending the section 341 meeting of creditors, and resolution of certain case closing items.

**B.    Creditor Inquiries and Negotiations                        $523.50**

24. F&P spent 0.9 hours at a cost of $523.50 on creditor inquiries.

**C.    Secured Creditor Issues                                          $17,900.00**

25. F&P spent 33.6 hours at a cost of $17,900.00 on secured creditor issues. This category primarily consists of time spent addressing the motion of BMO Harris N.A. to excuse compliance with section 543(b), including attending court hearings, drafting an objection to the motion and reaching a settlement with respect to the motion.

10

**D.     F&P Retention and Fee Applications          $11,997.00**

26.   F&P spent 31.5 hours at a cost of $11,997.00 on F&P retention and fee application matters. This category includes time spent preparing F&P's retention application, drafting the First Interim Fee Application, attending the hearing on the First Interim Fee Application and preparing this Final Fee Application.

**E.     Other Professional Retention                $14,368.50**

27.   F&P spent 29.3 hours at a cost of $14,368.50 on other professional retention matters. This category includes services provided in connection with the Debtor's proposed retention of professionals associated with the plan and sale process, such as Rally Capital's proposed retention as chief restructuring officer and CBRE's retention as real estate broker.

**F.     Plan and Disclosure Statement              $228,141.00**

28.   F&P spent 456.2 hours at a cost of $228,141.00 on plan and disclosure statement issues. F&P spent the vast majority of its time during this chapter 11 case working toward drafting and confirming the Plan which contemplated the sale of the Debtor's assets to the Purchaser. Time spent in this category includes drafting sale procedures, drafting and revising the Plan and Disclosure Statement, reviewing offers to purchase the Debtor's assets, negotiating with potential purchasers, revising the stalking horse asset purchase agreement, assisting in preparing the due diligence materials for potential purchasers, drafting plan solicitation procedures, and soliciting votes on the Plan.

29.   After the Debtor's original stalking horse bidder backed out of the deal, F&P spent time seeking alternate bidders and negotiating with those bidders. F&P further spent time drafting a motion to approve a substitute stalking horse bidder, and substantial time reviewing and revising the Purchaser's asset purchase agreement and executing closing documents. F&P also assisted in preparing the due diligence materials for potential purchasers, attended the joint

hearing on adequacy of the Disclosure Statement and confirmation of the Plan, and drafted the proposed confirmation order.

30. With F&P's assistance, the Debtor located an alternate buyer for the Debtor's assets and sold the assets on or about October 30, 2014. Thereafter, F&P spent significant time addressing post-confirmation issues with the Debtor's secured creditors including allocation of sale proceeds, releasing liens upon the property, and rent proration issues. The parties reach a resolution of these post-sale issues on January 15, 2015.

**G.    Schedules and Reports                                    $5,013.00**

31. F&P spent 14.2 hours at a cost of $5,013.00 in connection with drafting and filing the Debtor's schedules, statement of financial affairs, and amended schedules in this case.

**H.    Travel                                                         $860.00**

32. F&P spent 8.6 hours at a cost of $860.00 traveling to and from Stuart, Florida for the section 341 meeting of creditors. The Debtor's corporate representative resides in Florida and the U.S. Trustee permitted the corporate representative to appear at the meeting of creditors telephonically so long as the Debtor's attorney was present in Florida to verify the corporate representative's identity. F&P billed travel time at the reduced rate of $100/hour.

**REASONABLE EXPENSES INCURRED**

33. Expenses during the Fee Application Period were incurred in the following category:

(a)    Teleconferencing Expenses: F&P incurred expenses in the amount of $48.80 for teleconferencing fees. Where multiple outside parties participate in a telephone conference, F&P uses an outside teleconferencing provider in order to efficiently conduct teleconferences. These teleconferencing services were necessary in order to confer with various parties-in-interest with respect to the plan and sale process.

(b)  Photocopying:  F&P incurred copying and printing charges in the amount of $0.40 for photocopying expenses.  F&P charges clients $0.10 per copy and maintains a record of in-house copies made through a computerized system.  This procedure requires an operator to key in a client's code number on a keypad attached to the copier.  For large projects, F&P uses outside copy services for purposes of efficiency and charges amounts actually incurred.  No such outside copying service was used in this case.

(c)  Filing Fee: F&P incurred a charge of $1,243.00 for the initial filing fee for this chapter 11 case and to file amended schedules in this case.

(d)  Travel Expense:  F&P incurred costs totaling $905.41 in airfare and lodging expenses in connection with F&P's traveling to Stuart, Florida for the section 341 meeting of creditors.

(e)  Meal and Conference Expenses:  F&P incurred costs totaling $94.40 in meal expenses in connection with F&P's traveling to Stuart, Florida for the section 341 meeting of creditors and meeting with a potential buyer for the Debtor's assets.

(f)  Miscellaneous:  F&P incurred costs totaling $434.56 to pay the post-petition invoice of Schoppe Design Associates, Inc. for due diligence materials and for FedEx charges.

34.  All expenses incurred by F&P in connection with its representation of the Debtor were ordinary and necessary expenses.  All expenses billed to the Debtor were billed in the same manner as F&P bills non-bankruptcy clients.

35.  F&P does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions.  Such expenses are factored into F&P's hourly rates.  F&P has not included certain other charges described herein in its overhead because it has determined

13

that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## **BENEFIT TO THE ESTATE**

36.   F&P has acted diligently to pursue a sale of the Debtor's assets for the benefit of all creditors.  F&P submits that the services set forth herein benefited the estate and creditors by ensuring that the Debtor's assets were properly preserved and administered, and that the value of the estate was maximized through a robust sale process.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a)   allowing F&P, on a final basis, $330,649.50 in compensation for the Final Fee Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b)   allowing F&P, on a final basis, $2,726.57 in reimbursable expenses for the Final Fee Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; and

(c)   granting such other and further relief as the Court deems just and proper.


Dated:  January 23, 2015               **OHCMC-OSWEGO, LLC**

                                                   By:     /s/ Richard S. Lauter
                                                              Its Counsel

                                                   David C. Gustman
                                                   Richard S. Lauter
                                                   Devon J. Eggert
                                                   FREEBORN & PETERS LLP
                                                   311 South Wacker Drive, Suite 3000
                                                   Chicago, Illinois 60606
                                                   Telephone:  312-360-6000
                                                   Facsimile:  312-360-6520