**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 14-05349 |
| OHCMC-OSWEGO, LLC,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Carol A. Doyle |
| | ) |
| | ) Hearing Date: May 27, 2015 at 10:00 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 27, 2015 at 10:00 a.m., the undersigned shall appear before the Honorable Carol A. Doyle in Courtroom 742, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Motion for Final Decree Pursuant to Section 350(a) and Bankruptcy Rule 3022 and Approval of Shortened and Limited Notice* a copy of which is attached hereto and herewith served upon you.

Dated: May 22, 2015              **OHCMC-OSWEGO, LLC**

                                               By:   /s/ Richard S. Lauter
                                                      Its Counsel

                                         Richard S. Lauter
                                         Devon J. Eggert
                                         FREEBORN & PETERS LLP
                                         311 South Wacker Drive, Suite 3000
                                         Chicago, Illinois 60606
                                         Telephone: 312-360-6000
                                         Facsimile: 312-360-6520

---

[1] The last four digits of the Debtor's federal tax identification number are 8084.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 14-05349 |
| OHCMC-OSWEGO, LLC,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Carol A. Doyle |
| | ) |
| | ) Hearing Date: May 27, 2015 at 10:00 a.m. |

**CERTIFICATE OF SERVICE**

I, Richard S. Lauter, an attorney, hereby certify that on May 22, 2015, I caused a true and correct copy of the foregoing *Notice of Motion* and *Motion for Final Decree Pursuant to Section 350(a) and Bankruptcy Rule 3022 and Approval of Shortened and Limited Notice*, to be filed with the Court and served upon the following parties by the manner listed.

/s/ Richard S. Lauter

**CM/ECF Service List**

| | |
|---|---|
| Michael T. Benz | benz@chapman.com |
| Kurt M. Carlson | kcarlson@carlsondash.com |
| James M. Crowley | jcrowley@crowleylamb.com |
| Joseph D. Frank | jfrank@fgllp.com |
| Patrick S. Layng | USTPRegrion11.ES.ECF@usdoj.gov |
| Gina Lavarda | lavarda@chapman.com |
| Mark E. Leipold | mleipold@gouldratner.com |
| Francis J. Pendergast, III | fpendergast@crowleylamb.com |
| John F. Sullivan | jsullivan@crowleylamb.com |

---

[1] The last four digits of the Debtor's federal tax identification number are 8084.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 14-05349 |
| OHCMC-OSWEGO, LLC,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Carol A. Doyle |
| | ) |
| | ) Hearing Date: May 27, 2015 at 10:00 a.m. |

**MOTION FOR FINAL DECREE PURSUANT TO SECTION 350(a)**
**AND BANKRUPTCY RULE 3022 AND APPROVAL OF**
**SHORTENED AND LIMITED NOTICE**

OHCMC-Oswego, LLC (the "*Debtor*"), as debtor and debtor in possession, by and through its attorneys, hereby moves (the "*Motion*"), pursuant to 11 U.S.C. § 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedures (the "*Bankruptcy Rules*") for the entry of a final decree ("*Final Decree*") closing this chapter 11 case and for approval of shortened and limited notice. In support of this Motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this chapter 11 case and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

2. On February 19, 2014 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

3. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in the Debtor's chapter 11 case.

---
[1] The last four digits of the Debtor's federal tax identification number are 8084.

4. On June 30, 2014, the Debtor filed the Debtor's Modified Plan of Liquidation Dated June 30, 2014 (the "*Plan*") and its Disclosure Statement With Respect to Debtor's Modified Plan of Liquidation Dated June 30, 2014 (the "*Disclosure Statement*").

5. On September 18, 2014, the Court entered an order (the "*Confirmation Order*") approving the Disclosure Statement and confirming the Plan.

6. On or about October 31, 2014, pursuant to the Plan, the Debtor sold substantially all of its assets – three parcels of real property - to REO Funding Solutions V, LLC for $11,125,000.00.

7. The Plan's Effective Date occurred on January 15, 2015.

8. On April 27, 2015, PNC Bank, N.A. filed a Motion for Debtor to Comply with Terms of the Confirmed Plan (the "*Motion to Compel*"), which, *inter alia*, requested the entry of an order requiring the Debtor to turn over $43,741.26 that PNC asserted constituted its cash collateral.

9. On April 27, 2015, the Debtor filed a motion for surcharge (the "*Surcharge Motion*") against BMO Harris Bank, N.A. and PNC Bank, N.A., the Debtors' pre-petition secured lenders, in order to pay outstanding U.S. Trustee fees, which total $13,325.00 for the third and fourth quarter of 2014, and additional amounts that will be due for the first and second quarters of 2015 (collectively, the "*UST Fees*").

10. The Debtor, BMO, and PNC have reached an agreement in principal to resolve the Surcharge Motion and the Motion to Compel and are in the process of documenting that agreement through a stipulation.

**RELIEF REQUESTED**

11. By this Motion, the Debtor seeks entry of an order for Final Decree closing the Debtor's chapter 11 case and for approval of shortened and limited notice of the Motion.

12. Section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

13. Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

14. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

> (a) Whether the order confirming the plan has become final;
>
> (b) Whether deposits required by the plan have been distributed;
>
> (c) Whether the property proposed by the plan to be transferred has been transferred;
>
> (d) Whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;
>
> (e) Whether payments under the plan have commenced; and
>
> (f) Whether all motions, contested matters, and adversary proceedings have been finally resolved.

15. Courts have affirmed its adoption of the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed. *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990); *see also In re Kliegel Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa.

3

1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree).

16.     The factors set forth in the Advisory Committee Note weigh in favor of an entry of Final Decree. First, the Court has entered the Confirmation Order confirming the Plan which is final and non-appealable.

17.     Second, although the Debtor has not yet commenced Plan payments all the funds are readily available and will be distributed upon entry of the Final Decree. In accordance with Local Rule 3022-1, the status of payments to each class under the Plan is as follows:

| **Class** | **Status** |
|---|---|
| Class 1 (Allowed Secured Claims) | Will be paid in full from sale escrow |
| Class 2 (Allowed Priority Tax Claims) | Will be paid in full from sale escrow |
| Class 3a (Allowed General Unsecured Claims) | Awaiting pro rata distribution from Oswego Escrow (as defined in the Plan) |
| Class 3b (Allowed Deficiency Claims) | Awaiting pro rata distribution from Oswego Escrow (as defined in the Plan) |
| Class 3c (Allowed Insider Claim) | Awaiting pro rata distribution from Oswego Escrow (as defined in the Plan) |
| Class 4 (Allowed Subordinated Claim) | Will receive no distribution |
| Class 5 (Equity Securities) | Will receive no distribution |

18.     Third, all of the Debtor's property has been transferred pursuant to the terms of the Plan and REO has taken over possession and control of the Debtor's real estate.

19.     Finally, upon documenting the resolution of the Surcharge Motion and the Motion to Compel, all motions, contested matters, and adversary proceedings will have been resolved. After that resolution is documented, the Debtor will be in a position to pay the UST Fees and make a distribution to unsecured creditors.

20.     Accordingly, the Debtor submits that Court should enter a Final Decree closing this chapter 11 case because the Debtor's estate has been administered and the Plan has been substantially consummated.

## **REQUEST FOR APPROVAL OF SHORTENED AND LIMITED NOTICE**

21. Local Rule 3022-1 provides that the moving party must provide notice to the U.S. Trustee and all creditors of a motion for a final decree. The Debtor, PNC, and BMO have agreed to resolve the Surcharge Motion and the Motion to Compel so long as a Final Decree is entered by May 31, 2015. The Debtor was unable to timely file this Motion in order to give sufficient notice to all creditors. Nevertheless, this Motion shall be served via ECF notice upon the U.S. Trustee and all parties-in-interest who have filed an appearance in this case and mailed to all parties in interest, so the Debtor therefore contends that notice provided is appropriate under the circumstances and, further, no party will be prejudiced by the shortened and limited notice requested herein. The Debtor requests that the notice period be shortened and that the notice given be deemed adequate under the circumstances.

**WHEREFORE**, the Debtor requests the entry of an order: (i) entering a Final Decree and closing this chapter 11 case, (ii) approving the shortened and limited notice requested herein, and (iii) granting such other and further relief as is just and to which the Debtor may be entitled under the circumstances.

Dated: May 22, 2015                                                     **OHCMC-OSWEGO, LLC**

                                                    By:      /s/ Richard S. Lauter
                                                       Its Counsel

                                                       Richard S. Lauter
                                                     Devon J. Eggert
                                                     FREEBORN & PETERS LLP
                                                     311 South Wacker Drive, Suite 3000
                                                     Chicago, Illinois 60606
                                                     Telephone:  312-360-6000
                                                     Facsimile:  312-360-6520